IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAKU SHIBATA,<br><br>     Plaintiff,<br><br> v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>     Defendants. | Case No.: 25-cv-12197<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Albert Berry, III.** |

**DEFAULT FINAL JUDGMENT ORDER**

  This action having been commenced by Plaintiff TAKU SHIBATA ("Shibata" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on the First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Shibata having moved for entry of Default and Default Judgment against the defendants identified on the First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

  Shibata having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

  None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Shibata has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Shibata's federally registered copyright, which is protected by United States Copyright Registration No. VA 2-354-562 (the "Taku Shibata Work") to residents of Illinois. In this case, Shibata has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the. *See* Docket No.[13-1], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Taku Shibata Work.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Shibata's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Taku Shibata Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Shibata product or not authorized by Shibata to be sold in connection with the Taku Shibata Work;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Shibata product or any other product produced by Shibata, that is not Shibata's or not produced under the authorization, control, or supervision of Shibata and approved by Shibata for sale under the Taku Shibata Work;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Shibata, or are sponsored by, approved by, or otherwise connected with Shibata; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Shibata, nor authorized by Shibata to be sold or offered for sale, and which bear any of Shibata's copyrights, including the Taku Shibata Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the

      Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platform such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Taku Shibata Work; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Taku Shibata Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Shibata product or not authorized by Shibata to be sold in connection with the Taku Shibata Work.

3. Upon Shibata's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Taku Shibata Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Shibata is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful infringement of the Taku Shibata Work on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, Temu, and Walmart, are hereby released to Shibata as partial payment of the above-identified damages, and Third Party Providers, including Amazon, Temu, and Walmart, are ordered to release to Shibata the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Shibata has recovered full payment of monies owed to it by any Defaulting Defendant, Shibata shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Shibata identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Shibata may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at any e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Judgment.

Dated: November 21, 2025

*Thomas M Durkin*

Thomas M. Durkin
United States District Judge

5

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | sunxiaohongbaihuo |
| 2 | REEIAH |
| 3 | Always the 1st Choice |
| 4 | foshanshipaweizishangmaoyouxiangongsi |
| 5 | zhijiangshizhuohuliaoshangmaoshanghang |
| 6 | zuoqiangshangmao |
| 7 | ZHUyi |
| 8 | ffahds |
| 9 | yeyudjadb |
| 10 | HuaiHuaShiJianPingYouHaiShengWuFangZhiYouXianGongSi |
| 11 | Gansu Yimeisheng Clothing Co., Ltd |
| 12 | CCHEWN |
| 13 | zhongshanshishunjiuzhaomingkejiyouxiangongsi |
| 14 | AnYangFuKuoJianZhuLaoWuFenBao |
| 15 | 厨局康商贸 |
| 16 | MO FASAYEI |
| 17 | wweiso |
| 18 | Guangzhou Bangqun Trading Co., Ltd |
| 19 | Puyang Educational Toys Wholesale |
| 20 | LiuWenTong |
| 21 | yanbbz |
| 22 | guyunhaokeji |
| 23 | |
| 24 | SolaraMind Store |
| 25 | Carewepet |
| 26 | YuJiAo |
| 27 | zhixinruanjiankeji |
| 28 | |
| 29 | Ecyivra US |
| 30 | panlongqusichaobaihuoshanghang |
| 31 | |
| 32 | GuangShuiShiLiZhuiLangShangMaoYouXianGongSi |
| 33 | jilinshengpinyuanjinguanmaoyiyouxiangongsi |
| 34 | SuiZhouShiZengDuQuXuYuYuan |
| 35 | wenxinchenyu |

| 36 | qiuxuhuyang |
|----|----|
| 37 | GUNEST US |
| 38 | ███████ |
| 39 | HFJYXX |
| 40 | ZZDIYClo |
| 41 | ███████ |
| 42 | zheng zong fu |
| 43 | zheng li ying |
| 44 | yuanli |
| 45 | SEOMEN |
| 46 | Superccc |
| 47 | Ladies are novel |
| 48 | Cotton MD |
| 49 | LY Creative and trendy clothing |
| 50 | Trendy Attire |
| 51 | WCXMOP |
| 52 | Vogue Gents |
| 53 | wenleian |
| 54 | DashDynamo |
| 55 | Luck DIY |